IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SONJA FLOYD KEITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 1:22-cv-418-ECM |
| ) | [WO] |
| MARK AGRELLA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

**I. INTRODUCTION**

There are multiple filings in front of the Court at this juncture. First is document 72, in which Defendant Agrella objects to the purported service of process on him and moves to dismiss the complaint pursuant to Rules 12(b)(5) and 4(e) of the Federal Rules of Civil Procedure. Second is document 76, in which the Plaintiff (Keith) responds to Agrella's concerns and requests additional time to effect proper service on Agrella. Finally, in document 77, Agrella replies to Keith's response and moves to strike Keith's November 27, 2023, proposed summons (doc. 75).

**II. BACKGROUND**

On October 24, 2023, after finding good cause, the Court granted Keith an additional two weeks to perfect service on Defendants Agrella and Chavis. (Doc. 67). Subsequently, Keith filed two summonses (both returned and executed) on November 5, 2023 (docs. 70 and 71), indicating that both Defendants had been properly served. Two weeks later, on November 21, 2023, Agrella raised an objection to his service. (Doc. 72).

According to Agrella, whose full name is Marcus *Reid* Agrella, he was never served. Rather, service was executed at the house belonging to his father, whose name is Marcus *Vincent* Agrella. Agrella concluded his objection by requesting that the Court strike the summons as insufficient and dismiss the complaint against him. (*Id.* at 6).

Keith responded in opposition to Agrella's objection on November 27, 2023. (Doc. 76). She stated that she attempted to properly serve Agrella in good faith and, after the filing of the objection, discovered his correct address. Keith also requested additional time to effectuate service before simultaneously filing a proposed summons (doc. 75) with the Court. That same day, Agrella replied to Keith's response and motioned for the proposed summons to be stricken. (Doc. 77).

### III. STANDARD OF REVIEW

Rule 12(b)(5) provides that a motion to dismiss may be granted for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Under Rule 4(m), "[i]f a defendant is not served within [90] days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. *Id.* Rule 4(m) also grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause. *Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005). When a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other

circumstances warrant an extension of time based on the facts of the case. *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007).

## IV.  DISCUSSION

Keith points to her good faith effort to serve Agrella, as well as her new attempt to address the insufficient service, as support for denying Agrella's motions and granting her further time to perfect service. While Rule 4(m) provides relief for failure to perfect service within the timeframe if a plaintiff demonstrates good cause for failing to meet the service deadline, negligence on the part of the plaintiff does not constitute good cause. *See Lepone-Dempsey*, 476 F.3d at 1281–82. Keith may avoid dismissal even in the absence of good cause if the Court exercises its discretion to extend the time for service. *See Horenkamp*, 402 F.3d at 1132. In *Horenkamp*, the Eleventh Circuit concluded that the district court did not abuse its discretion when it extended the time for service because the plaintiff's claim would have been foreclosed by the statute of limitations, the defendant previously had notice of the suit, and the defendant had been properly served outside of the service window. *Id.* at 1133.

Previously, this district has applied *Horenkamp* to exercise discretion to extend the deadline for service where the statute of limitations would have run on the claim because, although the rule contemplates dismissal without prejudice, a dismissal where the claim is barred by the statute of limitations would effectively be a dismissal with prejudice. *Todd v. City of LaFayette*, 2013 WL 6050855, at *3 (M.D. Ala. 2013); *Goosby v. Briggs*, 2021 WL 2405210, at *2 (M.D. Ala. 2021). Those cases also found significance in other factors, such as the defendant having notice of the suit; the same counsel representing the co-

3

defendants; the defendant having been served outside of the time frame; and the lack of prejudice to the defendant from the length of delay.

Applying the same logic from these cases to this action, the Court finds that factors supporting an exercise of discretion are present here; namely, dismissal without prejudice of Keith's claims based on facts occurring in July 2020 would mean that her claims against Agrella are foreclosed by the statute of limitations, Agrella has had notice of the suit as evidenced by his limited appearance filings (docs. 63, 66, 72, 77), and Keith has filed a corrected proposed summons to expeditiously perfect service. Additionally, Agrella has not been prejudiced by the delay because while the case has been pending for some time, it has been pending at a preliminary stage (all other defendants have filed pending motions to dismiss). There has been no scheduling order entered into this case, nor has discovery begun. Therefore, the length of delay was not egregious enough to harm Agrella's interests. Accordingly, this Court concludes that even in the absence of good cause for Keith's delay in perfecting service from the Court's previous extension, it is appropriate for the Court to exercise discretion to extend the service deadline.

## IV. CONCLUSION

Accordingly, is it ORDERED that:

1) The Defendant's pending motions (docs. 72 and 77) are DENIED without prejudice and his objections (doc. 72 and 77) are OVERRULED.

2) The Plaintiff shall perfect service on Defendant Agrella and file proof of service with the Court on or before **January 11, 2024**.

Done this 21st day of December, 2023.

                                           /s/ Emily C. Marks
                               EMILY C. MARKS
                               CHIEF UNITED STATES DISTRICT JUDGE